UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, Jr., | No. 2:13-cv-2273 DB P |
| Plaintiff, | |
| v. | ORDER |
| LARES, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action. Plaintiff alleges defendants violated his due process rights in connection with his placement in administrative segregation, retaliated against him for exercising his First Amendment rights, and used excessive force. Before the court are plaintiff's "Motion to Amend Evidence" and request for appointment of counsel.

    First, plaintiff's "Motion to Amend Evidence" seeks to add to his complaint evidence about an investigation into racial discrimination at High Desert State Prison. (ECF No. 20.) Plaintiff is advised that his complaint need not include all evidence necessary to prove his claims. As this case proceeds, plaintiff may be given the opportunity to support his claims with additional evidence. Accordingly, plaintiff's "Motion to Amend Evidence" will be dismissed.

    Second, plaintiff seeks the appointment of counsel because he has many other cases pending in this district that are keeping him busy and because his case is complex. The United

1  States Supreme Court has ruled that district courts lack authority to require counsel to represent

2  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

3  (1989).  In certain exceptional circumstances, the district court may request the voluntary

4  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

5  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

6      The test for exceptional circumstances requires the court to evaluate the plaintiff's

7  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

8  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

9  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

10 common to most prisoners, such as lack of legal education and limited law library access, do not

11 establish exceptional circumstances that would warrant a request for voluntary assistance of

12 counsel.  In the present case, the court does not find the required exceptional circumstances.

13     Accordingly, IT IS HEREBY ORDERED as follows:

14     1. Plaintiff's March 31, 2017 Motion to Amend Evidence (ECF No. 20) is dismissed;

15        and

16     2. Plaintiff's May 1, 2017, request for the appointment of counsel (ECF No. 21) is

17        denied.

18 Dated:  May 22, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/jenk2273.31